UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE GOOD WIN, an individual, JOHN LINDBERGH and NANCY LINDBERGH, husband and wife; DAVID COOKSEY and JILL COOKSEY, husband and wife; ANN WALCH, an individual; and JOHN DOES 1-15,<br><br>Plaintiffs,<br><br>v.<br><br>WAYNE BECKLY, an individual; PAUL BECKLEY, an individual; BALD MOUNTAIN LP, a California limited partnership,<br><br>Defendants. | Case No. 1:09-CV-594-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

The Court has before it Plaintiffs' motions for attorney fees (Dkt. 33) and taxation of costs (Dkt. 34). Defendants defaulted and filed no response. The Court, having considered Plaintiff's brief, will award Plaintiffs $20,558.01 in fees. In addition, the Court will award $743.20 in taxable costs and $1,005.97 in nontaxable costs.

## BACKGROUND

Plaintiff filed their Complaint on November 18, 2009, seeking damages arising from Plaintiffs' investment in real property located in Fresno, California and owned by

Defendants. Plaintiffs alleged that Defendants represented Plaintiffs' investment in the property would be secured with a second position deed of trust against the property, but it was not. Default judgment was entered in favor of Plaintiffs on August, 9, 2010 (Dkt. 32). Plaintiffs now seek attorney fees and costs pursuant to §§ 12-120, 12-121, Federal Rule 54(d)(2), and Local Rule 54.2.

## ANALYSIS

On entry of default, "the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Plaintiffs' breach of contract claim against Defendants is therefore considered proven. But despite entry of default, a claim for attorney fees "will not be treated as routine items of costs." Dist. Idaho Loc. Civ. R. 54.2. "The Court must determine whether the moving party is entitled to attorney fees, and whether the fees requested are reasonable, even where the party from whom fees are sought has offered no opposition." *Trenching Services, Inc. v. Depatco, Inc.*, 4:08-CV-451-BLW, 2010 WL 1816186, *1 (D. Idaho May 5, 2010)

In an action involving state law claims, federal courts generally apply the law of the forum state to determine whether a party is entitled to attorneys' fees. *MRO Communications, Inc. v. AT & T Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999). In this case, the applicable law is Idaho Code § 12-120, which allows a prevailing party to recover fees pursuant to a commercial contract. Here, it is clear that Plaintiffs are the prevailing party. The only remaining question is whether the proposed fee award is reasonable.

Plaintiffs seek $24,058.01 in fees. In support of its motion, Plaintiffs' counsel, Julie Klein Fischer, submitted an affidavit and an invoice listing professional services, the dates when the services were rendered, and the hours and rates for such services. *See Fischer Affidavit and Invoice*, Dkt. 33-1. For the most part, the services listed and the rates for the services seem reasonable to the Court with one exception: some of the tasks billed at a paralegal rate of $100 per hour were the kind of clerical or secretarial work that should have been absorbed in the attorneys' hourly rates as part of normal office expenses. *See Missouri v. Jenkins*, 491 U.S. 274, 288, n. 10 (1989). Those hours will therefore be deducted from the total amount awarded.

Based on a careful review of the billing records submitted, the Court concludes that 3.5 hours of secretarial time at the rate of $100 should be deducted. The amount of attorney fees is therefore reduced by $3,500. After backing out the $3,500 from Plaintiffs' request, the Court finds that the sum of $20,558.01 is reasonable.

In addition, Plaintiffs seek $743.20 in taxable costs and $1,005.97 in nontaxable costs. Plaintiffs' Bill of Costs (Dkt. 34-1) includes a request for $705 for clerks and service fees. The Court could not discern how Plaintiffs reached this amount. Therefore, the Court will only allow $350 for the filing fee. Otherwise, with no objection from Defendants, the Court finds the requested costs, both taxable and nontaxable, are allowable and reasonable. The Court will therefore award $408.20 in taxable costs and $1,005.97 in nontaxable costs.

**ORDER**

**IT IS ORDERED:**

1. Plaintiffs' Motion for Attorney Fees is GRANTED. The Court will award fees in the amount of $20,558.01.

2. Plaintiffs' Motion for Award of Taxable and Non-Taxable Cost is GRANTED. The Court will award $408.20 in taxable costs and $1,005.97 in nontaxable costs.

DATED: **October 12, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge