UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE GOODWIN, an individual, JOHN LINDBERGH and NANCY LINDBERGH, husband and wife; DAVID COOKSEY and JILL COOKSEY, husband and wife; ANN WALCH, an individual; and JOHN DOES 1-15,<br><br>                Plaintiff,<br><br>    v.<br><br>WAYNE BECKLY, an individual; PAUL BECKLEY, an individual; BALD MOUNTAIN LP, a California limited partnership,<br><br>                Defendants. | Case No. 1:09-cv-00594-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Wayne Beckley's Motion to Alter or Amend a Judgment (Dkt. 98). Beckley asks the Court to reconsider its earlier order granting Plaintiffs' motion to deny Beckley's claim of exemption in money refunded to him through his employer, the City of Nampa. The Court finds that oral argument is

**MEMORANDUM DECISION & ORDER**

unnecessary on this motion. For the reasons set forth below, the Court finds no reason to reconsider its earlier decision finding that the funds Beckley said were exempt did not constitute "Social Security or SSI" or "Retirement, Pension, or Profit Sharing Benefits."

## BACKGROUND

On June 14, 2013, this Court issued an Order for Writ of Garnishment authorizing the District Court Clerk to issue a Writ of Execution and Garnishment. (Dkt. 83).

After the Court issued the order authorizing the writ, the U.S. Marshal's Office for the District of Idaho served the writ on Defendant Wayne Beckley's employer, the City of Nampa. The City answered the writ indicating it had attached Beckley's wages payable on July 5, 2013, and a lump sum amount of $41,521.08. *Answer of Garnishee City of Nampa*, p. 1 (Dkt 85). The City then surrendered the funds to the U.S. Marshal.

In response, Beckley filed a Claim of Exemption (Dkt 86), stating the attached funds were exempt from collection. The basis for Beckley's claim of exemption was the funds constituted "Social Security or SSI" and/or "Retirement, Pension or Profit Sharing Benefits." *Claim of Exemption* at 1, Dkt. 86. Beckley did not allege the funds were exempt as wages; nor did he challenge the City's calculation of any applicable exemption or statutory limitation. *Id.*

On July 1, 2013, Plaintiffs filed a motion to deny claim of exemption on the basis the garnished funds were not SSI or retirement benefits as Beckley claimed. (Dkt 90).

On August 29, 2013, the Court entered an Order granting Plaintiffs' Motion to Deny Claim of Exemption. In denying Beckley's claim, the Court concluded, based on

the record, "the funds Beckley received from the City of Nampa are neither Social Security benefits nor retirement benefits…" *Id.*

Now Beckley moves to alter or amend the Court's earlier decision granting Plaintiffs' motion to deny the claim of exemption.

## ANALYSIS

A motion under Federal Rule of Civil Procedure 59(e) is treated as a motion for reconsideration, and may be granted if: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based ; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Turner v. Burlington N. Santa Fe R. Co.,* 338 F.3d 1058, 1063 (9th Cir. 2003). The "clear error" standard is met if, on reconsideration, the Court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie,* 532 U.S. 234, 242 (2001).

Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Ent., Inc. v. Estate of Bishop*, 229 F.3d 877 (9th Cir. 2000) *citing* 12 James Wm. Moore et al., *supra* § 59.30[4]. "A motion for reconsideration should not be granted, absent highly unusual circumstances." *389 Orange Street Partners,* 179 F.3d 656 (9th Cir. 1999).

**MEMORANDUM DECISION & ORDER**

Beckley has not met this high standard in this case. Rather, he attempts to raise arguments or present evidence for the first time that could have reasonably been raised earlier. This is not a basis for granting a motion to reconsider. *Id.*

Beckley does not dispute the Court's central finding on the key issue raised by Beckley's Claim of Exemption– that the levied funds were not exempt as Social Security benefits or retirement benefits. Instead, Beckley maintains that the Court erred by improperly referring to the levied funds as a "tax refund." In making this argument, Beckley appears to suggest that the Court should have found that the funds were wages and therefore "subject to statutory limitations."

But Beckley never claimed an exemption based on the funds being wages. To the contrary, Beckley asserted in his reply brief in support of his claim of exemption that he "fully contents [sic] that these funds are retirement funds and exempt." *Reply* at 3, Dkt. 94. Beckley's stray comment in his reply brief – "[a]ssuming for the sake of argument, in the event the funds are wages, the Plaintiffs still fail to show grounds to execute the garnishment" – did not raise a claim of exemption based on the funds being wages. Now the time for claiming an exemption in the funds has passed, and Rule 59 motion does not provide a forum for raising new arguments that could have been raised before.

Even if the Court were to give Beckley the benefit of the doubt and reconsider its decision based on Beckley's argument that the funds are, in fact, wages rather than a tax

**MEMORANDUM DECISION & ORDER**

refund, the Court would not find that the garnishment limitations of Idaho Code Section 11-207[1] apply.

A debtor's right to exempt property from the claims of creditors does not derive from the common law but rather from constitutional or statutory allowance. *Hooper v. State*, 908 P.2d 1252 (Ct.App. 1995). In other words, assets are not exempt from creditors' claims unless specifically exempted by statute. *Id.* Furthermore, the burden of proving an exemption falls on the debtor. *Id.*

Here, Beckley claims the protections of section 11-207, which limits garnishment "of the aggregate disposable earnings of an individual for any work week" to 25 percent of his disposable earnings for that week. I.C. § 11-207. Because the garnished funds are "wages," Beckley now argues, 75 percent of the funds are exempt under section 11-207.

The protections of section 11-207, however, apply only to wages earned the week of the garnishment. The funds at issue here were improperly withheld from certain firefighters' paychecks as Social Security contributions beginning in October 1980. *System-Wide Majority Vote Firefighter Social Security Referendum* at 2, Ex. B. to Goodwin Aff. Dkt. 91. More specifically, certain firefighters continued to make Social

---

[1] Idaho Code § 11–207 provides:

(1) Except as provided in subsection (2) of this section, the maximum amount of the aggregate disposable earnings of an individual for any work week which is subjected to garnishment shall not exceed (a) twenty-five per cent (25%) of his disposable earnings for that week, or (b) the amount by which his disposable earnings for that week exceed thirty (30) times the federal minimum hourly wage prescribed by 29 U.S.C.A. 206(a)(1) in effect at the time the earnings are payable, whichever is less. In the case of earnings for any pay period other than a week, the Idaho commissioner of labor shall by regulation prescribe a multiple of the federal minimum hourly wage equivalent in effect to that set forth in (b) of this subsection.

Security contributions when the Nampa Fire Department changed from participation in the Firefighters Retirement Fund to the Public Employee Retirement System of Idaho (PERSI). *Id.* Funds improperly paid as Social Security contributions and refunded in a lump sum are not wages earned the week of the garnishment, and therefore are not entitled to protection under section 11-207.

Beckley, however, apparently argues that the monies improperly paid as a Social Security contribution can be traced back to wages, and are therefore exempt under section 11-207. Not so.

In some circumstances debtors are allowed to trace a source of money back to "wages" and benefit from the limitations of Idaho Code § 11-207. In *In Re Colling*, for example, the debtor claimed an exemption under Idaho Code § 11–207 in wages earned for personal services that were deposited into the debtor's personal checking account on the same day she filed for bankruptcy. *In Re Colling*, 03.1 I.B.C.R. 58 (Bankr.D.Idaho 2003). The evidence established that the money in the debtor's bank account she claimed exempt was directly traceable to wages paid to her. *Id.* at 60. The court concluded that the debtor should be allowed to trace the source of the funds on deposit in her checking account to wages and to exempt seventy-five percent of those funds under Idaho Code § 11–207.

The exemption in *Colling* concerned funds deposited in a bank account wholly controlled by the debtor. Funds on deposited in the *Colling* account were not commingled with other monies in any way.

**MEMORANDUM DECISION & ORDER**

By contrast, when wages are commingled with other monies in any way, they are no longer directly traceable to wages and therefore not exempt under section 11-207. *In re Virgin*, 2004 WL 4960310, *2 (Bkrtcy.D.Idaho May 18, 2004).  In *In re Virgen*, the bankruptcy court for the District of Idaho held that a tax refund could not be traced to exempt funds because once the debtors' taxes "were withheld and paid to the taxing authority, Debtors lost all control over the use of those funds," and presumably the exempt funds were commingled with other non-exempt government funds. *Id.* The court therefore disallowed the exemption claimed by the debtors in the tax refunds even though the money paid to the taxing authorities was withheld from wages.

This case is more like *In re Virgin* than *In re Colling*.  Like the debtors *In re Virgin*, Beckley lost all control of the use of those funds he claims exempt when those funds were withheld from his paycheck as Social Security contributions and paid to the government.  At this point, the exempt funds were presumably comingled with other government funds, and Beckley therefore now lacks the ability to directly trace the refunded money to wages. *Id.*  So even if the Social Security refund in this case does not qualify as a "tax refund," and even if the funds were withheld from Beckley's wages, once they were paid to the government, they were comingled with other funds.  At that point, it became impossible to separate exempt funds from nonexempt funds, and the ability to trace the funds to wages was lost.

In short, Beckley may not claim an exemption in the Social Security refund under section 11-207 simply because the contributions made to the government authorities are traceable to wages. *In re Virgin*, 2004 WL 4960310 at *3.

**MEMORANDUM DECISION & ORDER**

In light of the Court's decision denying Beckley's Claim of Exemption in the garnished funds, the Court will grant Plaintiffs' request for an order authorizing the U.S. Marshal's Office to release all funds received and held pursuant to the Writ of Garnishment (Dkt. 83) to Plaintiffs.

## ORDER

IT IS ORDERED that Beckley's Motion to Alter or Amend a Judgment (Dkt. ) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Order Authorizing U.S. Marshal to Release Funds to Plaintiffs (Dkt. 99) is GRANTED. Plaintiffs' counsel shall submit a separate proposed order in word format authorizing the U.S. Marshal's Office to release the garnished funds to Plaintiffs.

DATED: October 28, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court