UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE GOODWIN; JOHN & NANCY LINDBERG, husband and wife; ANN WALCH; and JOHN DOES 1-15<br><br>Plaintiffs,<br>v.<br><br>WAYNE BECKLEY; PAUL BECKLEY; and BALD MOUNTAIN, LP<br><br>Defendants. | Case No. 1:09-cv-00594-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is plaintiffs' Motion for Attorney Fees. (Dkt. 103). For the reasons explained below, the Court will grant the motion.

## BACKGROUND

In 2006, plaintiffs decided to invest money in California real estate. They lent several hundred thousand dollars to defendants. Defendants said the loans would be secured with a second-position deed of trust in real property, but they allegedly failed to grant that security interest. Instead, they allowed other interests to be recorded ahead of

plaintiffs'. Defendants later defaulted on the loans, and in November 2009, plaintiffs sued. *See Compl.,* Dkt. 1.

In August 2010, this Court entered a default judgment of nearly $426,000 against defendants. *See Default Judgment,* Dkt. 32. The Court awarded plaintiffs approximately $24,000 in attorneys' fees and costs associated with obtaining that judgment. *See Oct. 12, 2010 Decision*, Dkt. 38, *Nov. 29, 2010 Decision,* Dkt. 42. Plaintiffs now seek an additional fee award of around $8,000. They incurred these fees in connection with their ongoing efforts to collect on the judgment. More specifically, plaintiffs incurred these fees when they attempted to garnish certain funds Beckley received from his employer. Beckley claimed that these funds were exempt as "Social Security or SSI"" and/or "Retirement, Pension or Profit Sharing Benefits." *See Claim of Exemption,* Dkt. 86, at 1. The Court denied Beckley's claimed exemption. *See Aug. 29, 2013 Order,* Dkt. 97.

## ANALYSIS

**1. Entitlement to Attorneys' Fees**

Idaho law governs the award of attorney fees in this diversity action. [Interform Co. v. Mitchell, 575 F.2d 1270, 1280 (9th Cir. 1978)](applying Idaho law). Plaintiffs request attorney fees under [Idaho Code § 12-120(3)](), as well the attorneys' fees provisions in the promissory notes defendants signed.

The attorneys' fee provisions in the promissory notes are not restricted to fees incurred in obtaining judgment on the note. Rather, these provisions broadly state:

> "If any default is made hereunder . . . Maker further promises to pay all
> costs of collection when incurred, including but not limited to

> reasonable attorneys' fees, costs and expenses incurred by Holder
> hereof in connection with security the payment [sic] of this Note, or any
> such default in any action or other proceeding brought to enforce any of
> the provisions of this Note.

*Sept. 15, 2006 Note, Ex. B to Compl.*, Dkt. 1 at 13, § 7; *see also* Exs. C-E (containing identical provisions).

"Contractual provisions for payment of attorney fees are enforceable in Idaho." *Shurtliff v. N.W. Pools, Inc.*, 815 P.2d 461, 466 (Idaho Ct. App. 1991). Thus, as the defaulting party on the notes, defendants are bound to pay attorneys' fees plaintiffs have incurred in their ongoing collection efforts.

Additionally, this Court previously held that plaintiffs were entitled to attorneys' fees as prevailing parties on a commercial transaction. *See Oct. 12, 2010 Order,* Dkt. 38, at 2 ("In this case, the applicable law is Idaho Code § 12-120, which allows a prevailing party to recover fees pursuant to a commercial contract."). If a party is entitled to recover fees as a prevailing party on a commercial transaction under Idaho Code § 12-120(3), then "such party shall also be entitled to reasonable postjudgment attorney's fees and costs incurred in attempting to collect on the judgment." Idaho Code § 12-120(5).

Based on these authorities, plaintiffs are entitled to recover their attorneys' fees in connection with their most recent collection efforts.

Beckley does not discuss Idaho statutory law on attorneys' fees or the attorney's fees provisions in the promissory notes. Instead, he generally argues that the Court should decline to award attorneys' fees because even though his most recent claimed exemption was not successful, it still presented a "viable question of law that needed to

be decided." *Response,* Dkt. 104, at 2. The Court is not persuaded. Most significantly, Beckley has not only failed to discuss applicable authority, he has not pointed to any authority that might support his position. Accordingly, based on the language in the notes, as well as Idaho Code § 12-120(3) and (5), plaintiffs are entitled to a fee award.

**2.     Reasonableness of the Claimed Fees**

Having determined that plaintiffs are entitled to collect attorneys' fees, the next question is whether the fees and costs identified in counsel's affidavit are reasonable. "The starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian,* 987 F.2d 1392, 1397 (9th Cir.1992). In determining a reasonable hourly rate, the Court considers the "experience, skill and reputation of the attorney requesting fees," *Trevino v. Gates,* 99 F.3d 911, 924 (9th Cir.1996), as well as "the prevailing market rates in the relevant community," *Blum v. Stenson,* 465 U.S. 886, 895 (1984).

Once the lodestar amount is determined, the Court "then assesses whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the *Kerr*[1] factors that are not already subsumed in the initial lodestar calculation." *Morales v. City*

---

[1] The Kerr factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*of San Rafael,* 96 F.3d 359, 363–64 (9th Cir.1996) (footnote omitted). "There is a strong presumption that the lodestar figure represents a reasonable fee. Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." *Id.* at 363 n. 8. (internal quotation marks and citation omitted).

Here, Plaintiffs seek $7,992 in fees. The hourly rates charged are as follows:

| Office | Person | Title | Rate/Hour |
|---|---|---|---|
| Morrow & Fischer | Julie Fischer | Attorney | $225.00 |
| Morrow & Fischer | Shelli Stewart | Attorney | $200.00 |
| Morrow & Fischer | Laura Terrazas | Paralegal | $115.00 |
| Morrow & Fischer | Debbie Howard | Legal Asst. | $100.00 |
| Morrow & Fischer | Christine Pierce | Paralegal | $115.00 |
| Ringert Law Chartered | Laura Burri | Attorney | $190.00 |

Counsel says these rates are comparable to the reasonable hourly rate for attorneys of similar experience and similar work in this area, and defendants do not challenge that assertion. Additionally, the Court already determined that these rates were reasonable in awarding fees in this case. *See Oct. 12, 2010 Order,* Dkt. 38, at 3. The Court therefore finds that the rates charged for the attorneys and paralegals noted above are reasonable. The Court has also determined that the number of hours billed to plaintiffs' most recent collection efforts is reasonable. The Court has determined, however, that the work performed by Debbie Howard as a legal assistant, .7 hours, should not be billed separately, but rather is secretarial in nature and should be absorbed in the attorneys' fees. *See Missouri v. Jenkins*, 491 U.S. 274, 288, n. 10 (1989). This will reduce the total fees awarded by $70.00.

Therefore, the Plaintiffs are entitled to $6,254.50 in attorneys' fees and 1,667.50 in paralegal fees for a total of $7,922.00. The Court finds this amount to be consistent with the reasonable rates in a case of this nature and in line with the rates prevailing in the community.

## ORDER

**IT IS ORDERED:**

1. Plaintiffs' Motion for Attorney Fees (Dkt. 103) is **GRANTED**. The Court will award fees in the amount of $ 7,922.00.

DATED: March 26, 2014

B. Lynn Winmill
Chief Judge
United States District Court